**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

|  |  |  |
|---|---|---|
| BRANTLY MORGAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JUDGE LAWRENCE CHRUM, | ) | No. 4:26-cv-00184-JMD |
| | ) | |
| *Defendant.* | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER DENYING HABEAS RELIEF**

Brantly Morgan seeks habeas relief under 28 U.S.C. §§ 2241, 2254, alleging that a "protection order" has "unlawfully restricted" him to his property.[1]  ECF 1 at 1.  He moved for leave to proceed *in forma pauperis*.  Morgan argues that Judge Lawrence Chrum of the St. Charles County Circuit Court abused his discretion in issuing the order with "no evidence to support his finding of fact."  *Id.* at 2.  But Morgan admits that his appeal of this decision is still "pending" in state court.  *Id.*  That is fatal.  The Court dismisses his petition for lack of exhaustion and denies his *in forma pauperis* motion as moot.

Morgan's petition is legally frivolous.  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal is frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i). The Court would ordinarily rule on his *in forma pauperis* motion first.  But exercising its "sound discretion" under § 1915 to dismiss the case at any time, *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), the Court dismisses the petition.

---

[1] The Court does not address whether Morgan may seek habeas relief from a protective order because it makes no difference here.

1

Morgan must exhaust state remedies first before requesting federal habeas relief, but he has not. Dismissal under § 1915 is "proper" where the petition "lacks an arguable basis in either law or in fact." *Robbins v. Clarke*, 946 F.2d 1331, 1333 (8th Cir. 1991) (citation omitted). Unless a state court process is unavailable or ineffective, the Court "shall not" grant a habeas petition unless the applicant "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A)–(B). Morgan has not identified anything rendering the state court process unavailable or ineffective, so he "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see* § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."). Because Morgan concedes that his appeal in state court remains pending, his habeas petition is premature.

The Court will not lightly act as an appellate tribunal over Missouri's "entire state judicial system." *Edwards v. Vannoy*, 593 U.S. 255, 287 (Gorsuch, J., concurring). Nor will it rob that system of its power to adjudicate Morgan's claims first. The Court **DENIES** without prejudice Morgan's petition for writ of habeas corpus, ECF 1. A separate order of dismissal shall accompany this memorandum and order. The Court also **DENIES** as moot Morgan's motion for leave to proceed *in forma pauperis*, ECF 2.

Dated this 27th day of March, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE

2